**William N. CUDDY, Plaintiff,**

v.

**UNITED STATES of America and Bob Bergland, Secretary of Agriculture, Defendants.**

**No. CV 75–106–M.**

United States District Court, D. Montana, Missoula Division.

May 29, 1980.

Datsopoulos & MacDonald, Missoula, Mont., for plaintiff.

George Darragh, Jr., Asst. U. S. Atty., Butte, Mont., for defendants.

OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Plaintiff was the owner of a D6–C Caterpillar tractor which was destroyed in a forest fire. The United States admitted liability in the amount of $36,253.00, the total amount stated in the administrative claim filed pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671–2680. The United States has moved for a summary judgment as to the balance of the plaintiff's claim.

The administrative claim, under the heading "Amount of Claim (in dollars)," stated: "36,000.00 Down-time See letter from Bill Cuddy." The Cuddy letter, which could be incorporated by reference,[1] amplifies the claim and, in an attached itemization, shows the value of the cat, less salvage, to be $33,178.00, and the down time to date (August 29, 1973) to be $3,705.00, for a total of $36,253.00. The itemization then goes on to state: "Total claim—$36,253.00 plus $200.00 per day, 5 days per week until such time as cat is replaced or paid for."

28 U.S.C. § 2675(b) provides in part: Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 C.F.R. § 14.2(a)[2] requires that the claim for money damages be in a "sum certain."

---

1. *House v. Mine Safety Appliances Co.,* 573 F.2d 609, 615 (9th Cir. 1978).

2. Approved in *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974).

Plaintiff now seeks to recover sums substantially in excess of the sum certain stated in the federal tort claim and seeks to prove that he suffered serious business losses because he could not afford to replace the tractor.

■ Montana law governs,[3] and under the most expansive reading of it a person whose personal property is totally destroyed by the act of another is entitled to no more than damages for the market value of the property plus loss of use during the period reasonably required to replace it.[4] However, in determining the length of time reasonably necessary to repair an item, the time lost because of the inability of the owner to pay for repairs or replacement cannot be counted.[5]

■ In this case plaintiff was entitled to the market value of the tractor plus the loss of use during the period reasonably required to replace it. The Government allowed the market value plus loss of use for a period slightly over 15 eight-hour days. The maximum that plaintiff could recover, therefore, would be the loss of use for the amount of time by which a reasonable time to replace would exceed 15 days.[6] No such time period was translated as a "sum certain" in the administrative claim. The statute exempts from the requirement of a statement of a sum certain those cases where the facts are not "reasonably discoverable" and those where there is proof of "intervening facts." 28 U.S.C. § 2675(b). The exemptions were applied in each of the cases cited by the plaintiff[7] but are not

3. *United States v. English*, 521 F.2d 63, 70 (9th Cir. 1975).

4. Thus, in *Spackman v. Ralph M. Parsons Co.*, 147 Mont. 500, 507, 414 P.2d 918, 922 (1966), the court first noted a distinction between property damaged beyond repair and repairable property. In the former case the damage was said to be the market value of the property at the time of damage, and in the latter case it was the cost of repair plus the reasonable value of the use during the time of repair. The court then said, "In either case, the recovery ordinarily may not exceed the value of the property just before it was damaged." However, in *Stahl v. Farmers Union Oil Co.*, 145 Mont. 106, 113–15, 399 P.2d 763, 767–68 (1965), the court had indicated by way of dictum a lack of reason for the distinction between repairable and nonrepairable property and cited with approval *Reynolds v. Bank of America National Trust & Savings Ass'n*, 53 Cal.2d 49, 345 P.2d 926 (1959). In *Reynolds* the California court held that an owner whose property was totally destroyed could recover the value of the property plus the loss of use during the period required for replacement. The Montana court in *Bos v. Dolajak*, 167 Mont. 1, 534 P.2d 1258 (1975), said that the rule of *Spackman* limiting damages to market value was correct when applied to articles "readily replaceable" but also cited *Reynolds* with approval. Thus, despite the exact language of *Spackman*, reinforced as to articles "readily replaceable" by the opinion in *Bos*, it is assumed by reason of its two-time approval of *Reynolds* that the Montana Supreme Court, in a case involving a total destruction, would permit an additional recovery for the loss of use during the time reasonably required to replace.

5. In *Stahl v. Farmers Union Oil Co.*, 145 Mont. 106, 399 P.2d 763 (1965), the owner claimed loss of use for eight months, a part of which, as found by the district court, was due to his inability to finance repairs. The trial court limited the recovery to the market value. Of this the court said:

> We agree with the rule stated by the California Court, but as we have attempted to explain previously, the time reasonably required for replacement was not the long period of eight months, but rather the time caused by appellant's negligence. The GMC truck-tractor could have been replaced easily, if respondent had had any funds, and we hold that the rule of limiting the total damages to the value of the unit, under the rather odd fact situation here, is proper. The cross-appeal is accordingly dismissed.
>
> There can be no distinction drawn between the inability of the owner to finance repairs and his inability to finance a replacement as elements of reasonable time.

6. A letter from the dealer, Westmont Tractor Co., which was a part of the letter incorporated into the tort claim, reads:

> Bill, in other words I don't believe that this machine would be worth rebuilding. I would be able to allow you the $3,500 on a comparable machine and we have one coming into our inventory in the very near future. This machine is the same series and age and, like I say, in the same shape for $35,000.

7. *United States v. Alexander*, 238 F.2d 314, 318 (5th Cir. 1956); *Lunsford v. United States*, 418 F.Supp. 1045, 1056 (D.S.D.1976); *Rabovsky v. United States*, 265 F.Supp. 587, 588 (D.Conn. 1967).

applicable here. Unless the plaintiff's lack of capacity to finance be considered, which it can't, that reasonable time could have been determined with just as much precision at the time the claim was filed as now. There simply are no intervening facts. Hence the amount of the award is limited to the sum certain expressed in the administrative claim.

The Government's motion for summary judgment is granted.