NO. 81-193

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

PETER McPHERSON,

                Plaintiff, Respondent and Cross-Appellant,

  vs.

TERRY KERR and MOUNTAIN LOGS,

              Defendants and Appellants.

---

Appeal from:  District Court of the Fourth Judicial District,
             In and for the County of Ravalli
             Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellants:

        Law Firm of Gerald D. Schultz, Hamilton, Montana

    For Respondent:

        Larry Persson and Richard A. Weber, Jr., Hamilton, Montana

---

                  Submitted on briefs:  July 30, 1981

                          Decided:  November 25, 1981

Filed:  NOV 25 1981

Thomas J. Kearney
                       Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal and cross-appeal from a judgment in the Fourth Judicial District, Ravalli County. After a hearing without jury, the District Court awarded a joint and several judgment against the defendants in the sum of $6,000.72, plus costs. Defendant Terry Kerr does not appeal.

McPherson originally brought this action against Mountain Logs and Terry Kerr to recover damages he suffered as a result of an accident involving his semi-trailer in Idaho on December 7, 1978.

The facts, as found by the District Court, are set forth below.

McPherson had an ownership or leasehold interest in a 1961 flatbed trailer which he used in his business of hauling farm products and, occasionally, log homes. He acquired his interest in the trailer in 1976. At that time, the trailer was valued at $5,500. On the date of the accident, the trailer was worth $4,000. In November 1978, McPherson left his trailer in the possession of Mountain Logs--the District Court concluded that this arrangement constituted a loan for use. McPherson and Mountain Logs agreed that Mountain Logs was to use the trailer for the sole purpose of hauling one load of logs to Sun Valley, Idaho. This trip was completed without difficulty.

Subsequently, without the knowledge or consent of McPherson, and against his expressed directions, Mountain Logs made arrangements for defendant Terry Kerr to transport a load of logs to California using McPherson's trailer. On December 7, 1978, McPherson's trailer, loaded with logs, left for California. The trailer was towed by a semi-tractor owned by Kerr and driven by Gerald Long, an employee

-2-

of Kerr. While in transit, an accident occurred on Lost Trail Pass in Idaho. Long was killed, Kerr's tractor was demolished, and McPherson's trailer sustained repairable damages of $2,252.60. The accident and resulting damage to McPherson's trailer was proximately caused by the negligence of Gerald Long. Soon after the accident the trailer and the remnants of the tractor were towed to Missoula at the request of an adjuster for Kerr's insurance carrier. The towing bill for McPherson's trailer was $1,100.00. Storage charges accumulated at the rate of $5.00 per day and on the day of trial, the storage bill totaled $2,370.

Soon after the accident, McPherson attempted to have the trailer released from storage so that repairs could be commenced but was unable to meet the requirement that he first pay the towing and storage charges. The trailer therefore remained in storage and McPherson's trucking operation was temporarily shut down. McPherson purchased a similarly equipped trailer in the early part of February 1979. The District Court concluded that McPherson acted with reasonable diligence to mitigate his damages by procuring occasional hauling jobs, and by replacing the damaged trailer as soon as possible. It concluded further that due to his financial situation, it was impossible for him to further mitigate his damages and the law would not require him to perform an impossibility.

The District Court originally found that during the two months between the date of the accident and the purchase of a new trailer, McPherson had suffered a loss of earnings in the amount of $3,500. This loss, along with the costs of towing, storage, and repair, was included in the total damages awarded to McPherson. On reconsideration, however,

-3-

the District Court reduced the award of damages for lost earnings from $3,500 to $350.

Mountain Logs presents the following issues for review:

1. Is Mountain Logs liable for loss of earnings and storage charges for property damaged as a result of the delivery to Kerr when such damages were at least partially incurred by McPherson's financial inability to remove his trailer from storage?

2. Is Mountain Logs liable for the towing of McPherson's property to storage when the towing was ordered done by defendant Kerr, a third party, to whom the property had been misdelivered?

McPherson, cross-appellant, presents a third issue:

3. Did the District Court err in amending its judgment to reduce the award of lost earnings to McPherson from $3,500 to $350?

We hold, with regard to the first issue, that Mountain Logs is liable for the storage costs and the lost earnings sustained by McPherson.

In its brief, Mountain Logs admits liability for all damages proximately caused by its mishandling of McPherson's trailer. It then cites section 70-6-204, MCA, for the proposition that its liability is limited to $4,000, the value of the trailer. The District Court held that this was a loan for use and we see no reason to disturb the District Court's holding. Section 70-6-204, MCA, therefore, does not apply. The proper measure of damages in this case is found in section 27-1-317, MCA, which states:

> "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

-4-

Mountain Logs contends, however, that even if section 27-1-317, is controlling, McPherson's recovery, at least for towing, storage, and repair charges should be limited to the value of the trailer. Mountain Logs also contends that McPherson's recovery for lost earnings should not include time lost due to his financial inability to remove the trailer from storage and make repairs. These assertions are based primarily on Spackman v. Ralph M. Parsons Company (1966), 147 Mont. 500, 414 P.2d 918; Stahl v. Farmer's Union Oil Company of Richland (1965), 145 Mont. 106, 399 P.2d 763. These cases are distinguishable.

In Stahl, 399 P.2d at 768, this Court stated that the limitation of total damages to the value of the property was proper under the "odd fact situation" presented in that case. Stahl does not, however, establish an ironclad rule that recovery is limited to the value of the damaged or destroyed property.

In Spackman, the plaintiff was suing to recover for damages suffered as a result of the flooding of his basement with raw sewage. Those portions of Spackman relied upon by Mountain Logs deal primarily with valuation of property. The value of the McPherson's trailer is not questioned on appeal. Furthermore, there was nothing in Spackman comparable to the towing and storage charges present in the case at bar. Spackman, therefore, does not require that McPherson's damages be limited to the value of the trailer.

In Spackman, this Court stated:

"As for the issue of compensatory damages, the question is always a difficult one. In tort actions, the wrongdoer is liable, in general, for any injury which is the natural and probable consequence of the wrong. These may include both the direct and indirect, but reasonably probable,

-5-

results of the wrong. Where damage to property is concerned, the purpose of awarding damages is to return the party injured to the same, or as nearly possible the same, condition as he enjoyed before the injury to his property. The injured party is to be made as nearly whole as possible--but not to realize a profit. Compensatory damages are designed to compensate the injured party for actual loss or injury--no more, no less." 414 P.2d at 921.

Spackman also establishes the extent of the injured party's duty to mitigate his damages:

"The duty to reduce or mitigate damages is a positive one upon the injured person, but it has limits. The test is: What would an ordinary prudent person be expected to do if capable, under the circumstances? . . ." 414 P.2d at 921.

The District Court found that McPherson could not remove his trailer from storage because he was financially unable to pay the $1,100 towing charge. The trailer remained in storage at the rate of $5.00 per day until the trial. The District Court concluded that McPherson acted with reasonable diligence to mitigate his damages. We agree with the District Court. No reasonable man could be expected to expend $1,100 which he doesn't have to mitigate an injury for which he is not responsible. McPherson is entitled to the storage fees awarded by the District Court.

Stahl, supra, establishes the rule which governs McPherson's right to recover lost earnings. Stahl states: "[t]he general rule on damages is that the owner can recover for being deprived of the use of a damaged vehicle only for the period of time reasonably necessary in making repairs." 399 P.2d at 767. McPherson purchased a replacement trailer approximately two months after the date of the accident. This action can be considered "repair" within the context of Stahl. The District Court concluded that McPherson replaced the trailer as soon as possible under the circumstances and we see no reason to disturb that conclusion.

-6-

Mountain Logs argues that two months was an unreasonably long time to make repairs or find a replacement. It maintains that one month would have been sufficient time. Consequently, Mountain Logs believes it should be liable for only one month of storage fees and one month of lost earnings. There is support for this position in Stahl, 399 P.2d at 768, and in Cuddy v. United States (1980), 490 F.Supp. 390, 392, where Judge Russell Smith writes: "[I]n determining the length of time reasonably necessary to repair an item, the time lost because of the inability of the owner to pay for repairs or replacement cannot be counted. [citing Stahl]." By this opinion, we overrule that portion of Stahl which declares that recovery cannot be had for damages which accrue as a result of the injured party's financial inability to mitigate damages. We adopt, instead, the California rule stated in Valencia v. Shell Oil Co. (1944), 23 Cal.2d 840, 147 P.2d 558:

> "The duty to minimize damages does not require an injured person to do what is unreasonable or impracticable, and, consequently, when expenditures are necessary for minimization of damages, the duty does not run to a person who is financially unable to make such expenditures." 147 P.2d at 561.

We now arrive at the second issue: whether Mountain Logs is liable for the towing charge. This issue presents a unique problem because defendant Kerr, the only other person who could possibly be liable for the towing bill, does not appeal from the judgment of the District Court.

Mountain Logs contends that it should not have been held jointly and severally liable for the towing charge. It maintains that when Kerr's insurance adjuster arranged for the towing, his actions became an intervening cause which enlarged McPherson's damages through no fault of Mountain

-7-

Logs. Mountain Logs apparently believes either that the towing was unnecessary or that it could have been accomplished in a less expensive manner. It is contended, therefore, that Kerr alone should be liable for the $1,100 towing bill.

Mountain Logs' notice of appeal, filed October 31, 1980, indicates that appeal is being taken only from that portion of the judgment relating to storage charges. (No issue is raised by respondent as to the effect of a partial notice of appeal.) We must assume, therefore, that defendant Kerr, who, incidentally, appeared pro se, was not informed by the notice of appeal of Mountain Logs' intention to challenge its responsibility for the towing charge. The issue is not properly before this Court and therefore, the District Court's finding of joint and several liability must stand.

The third and final issue concerns the District Court's decision to reduce the damages for lost earnings from $3,500 to $350. As indicated earlier in this opinion, McPherson is entitled to recover lost profits for two months--the time reasonably required by him to repair or replace his trailer. The District Court reduced its award without making any new findings of fact. The only difference between the original findings and the amended findings is two numbers: the lost earnings figure and the total recovery figure. The only explanation for the change is found in the transcript of the hearing on the motion to amend the judgment. From that record, it appears that the change was made on the basis of Cuddy v. United States, supra, which construes Stahl, supra. As indicated earlier, our opinion in this case overrules part of Stahl, and for this reason, Cuddy is not applicable here.

Based on this opinion, we affirm the District Court's award to McPherson of towing, storage, and repair costs. We remand the case to the District Court, however, with instructions to reinstate the original award of $3,500 for lost earnings.

_John C. Sheehy_
Justice

We Concur:

_Jean B. Daly_

_John Conway Harrison_

_Frank B. Morrison_

_Justices_