No. 83-379

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

LENZ CONSTRUCTION COMPANY,
a Mont. corp.,

        Plaintiff and Appellant,

    -vs-

EARL CAMERON, d/b/a CAMERON
TRUCKING COMPANY, et al.,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable James M. Salansky, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        E. Eugene Atherton, Kalispell, Montana

    For Respondents:

        Warden, Christiansen, Johnson & Berg, Kalispell,
Montana
Murray, Kaufman, Vidal & Gordon, Kalispell,
Montana

_____

Submitted on Briefs:  October 6, 1983

Decided:  January 19, 1984

Filed:  JAN 19 1984

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Lenz Construction Company (Lenz) appeals and defendant Earl Cameron (Cameron) cross-appeals from the judgment of the Eleventh Judicial District Court, Flathead County, awarding Lenz $22,148.96 in damages. We affirm the judgment of the District Court.

The sole issue is whether the evidence is sufficient to support the amount of loss-of-use damages awarded by the District Court.

In 1977, Lenz purchased a used 1967 model 720 Economobile forklift for $8,500. After the purchase, Lenz made repairs and improvements to the machine totalling $3,549. At the time of purchase, the machine had been used approximately 1,600 hours. Lenz used the machine an additional 1,000 to 1,500 hours after purchase.

On November 2, 1979, the forklift was destroyed as a result of Cameron's negligence. The District Court granted summary judgment on the liability issue and that judgment was not appealed. The District Court held a non-jury trial on the issue of damages.

The Court found the forklift was damaged beyond repair and had no salvage value. The Court also found the forklift had capabilities which gave Lenz some bidding advantage on certain construction jobs. The machine also generated some rental income. Lenz claims that after the machine was destroyed, he generated no rental income from the machine's use and was unsuccessful in bidding on construction projects. Lenz incurred $5,564 in rental expense.

At the time of the accident, the particular model of forklift was no longer being manufactured. However, used units of the same or comparable makes and new comparable machines were available. The parties could not agree on

responsibility for costs of travel to view the machines and no settlement was reached. The District Court found that Lenz was at least partly responsible for the long delay in replacing the machine because of his refusal to accept a replacement.

The District Court found that the market value of the forklift at the time of the accident was $17,000 and that Lenz had incurred expenses of $170 for towing and $478.96 for travel to view possible replacements. These amounts are not disputed on appeal. The Court also found that Lenz suffered $4,500 damage for loss of use of the forklift. Both parties claim this was error. The Court awarded $22,148.96 total damages. Lenz appeals and Cameron cross-appeals on the issue of loss-of-use damages.

Lenz contends that the law and evidence require an award for loss of use in the amount of $178,292. Lenz contends the Court erroneously awarded $4,500 rental expense rather than the actual $5,564 expended. Further, Lenz contends the Court ignored the proper elements of lost rental income and business interruption. Lenz argues the evidence is insufficient to support the $4,500 loss-of-use award. We disagree.

Section 27-1-317, MCA states the general measure of damages applicable to this case:

> "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

In McPherson v. Kerr (1981), 195 Mont. 454, 636 P.2d 852, we restated the principles of compensatory damages:

> "'As for the issue of compensatory damages, the question is always a difficult one. In tort actions, the wrongdoer is liable, in general, for any injury which is the natural and probable

3

consequence of the wrong. These may include both
the direct and indirect, but reasonably probable,
results of the wrong. Where damage to property is
concerned, the purpose of awarding damages is to
return the party injured to the same, or as nearly
possible the same, condition as he enjoyed before
the injury to his property. The injured party is
to be made as nearly whole as possible - but not to
realize a profit. Compensatory damages are
designed to compensate the injured party for actual
loss or injury - no more, no less.'" McPherson,
195 Mont. at 459, 636 P.2d at 855, quoting Spackman
v. Ralph M. Parsons Co. (1966), 147 Mont. 500, 506,
414 P.2d 918, 921.

Lenz argues that the District Court should have awarded him the cost of renting a comparable machine regardless of whether another machine was actually rented. We do not disagree with using, as a general measure of loss-of-use damages, the reasonable rental value of a comparable machine for the period of time necessary for replacement, regardless of whether another machine is actually rented. See Colorado Kenworth, Inc. v. Archie Meek Transportation Co. (Wyo. 1972), 495 P.2d 1183, 1186.

However, Lenz contends that the Court should have awarded rental value for the 33 months from destruction of the forklift to trial at $1,700 per month, or $56,100. Lenz made no showing that he was entitled to an award for loss of use beyond the three-month period following destruction of the machine. Such loss is not compensable beyond the period of time reasonably necessary for replacement. McPherson, 195 Mont. at 460, 636 P.2d at 856. The District Court found that a period of 3 months was all that was reasonably necessary for replacement and that the delay in replacement was at least in part due to Lenz' reluctance to accept a suitable replacement. That finding is supported by the record. The District Court did not err in refusing to award Lenz $56,100 rental value.

4

Lenz argues the Court should have awarded a minimum of $5,564 in actual rental expenses. We disagree. Although Lenz incurred actual rental expenses of $5,564, these expenses were incurred beginning in September of 1980. The three-month replacement period expired in or around March of 1980. The actual rental expense is not compensable because it was beyond the period of time reasonably necessary for replacement. McPherson, 195 Mont. at 460, 636 P.2d at 856.

The District Court did award Lenz the reasonable rental value of a comparable machine for the three-month replacement period as loss-of-use damages. Cameron argues on cross-appeal that the $1,500 per month loss-of-use figure is unsupported by the record. The District Court based this award on the reasonable monthly rental value of the machine. The testimony was that rental value of a comparable new machine would have been $1,700 per month. That figure was too high for a used machine and was accordingly reduced by the District Court. In light of the evidence of the capabilities of the destroyed forklift, we cannot say that the Court's rental value determination was unreasonable. We find no reason to disturb the District Court's $4,500 loss-of-use award.

Lenz further claims that destruction of the machine resulted in loss of rental income and business interruption in the amounts of $15,840 and $156,888 respectively.

This Court has long held that a judgment for damages must be supported by substantial evidence that is not the product of mere guess or speculation, although mathematical precision is not required. Cremer v. Cremer Rodeo Land and Livestock Co. (Mont. 1981), 627 P.2d 1199, 1202, 38 St.Rep. 574, 578.

5

Lenz calculated the alleged loss of rental income by averaging the yearly rental income ($5,280) and multiplying by the number of years between destruction of the machine and trial. However, Lenz presented no evidence of actual lost rental income. The District Court's refusal to award damages for loss of rental income is supported by the record.

Lenz calculated the alleged loss from business interruption by comparing average yearly gross income before and after the loss. Lenz contends that the machine gave him a bidding advantage without which he was unable to successfully bid on construction projects, resulting in a loss of $156,888 gross profit over 3 years. The record, however, contains ample evidence of other likely causes for Lenz' reduction in income and no specific evidence linking destruction of the machine to lack of successful bids. Lenz agreed at trial that beginning in 1980, the construction industry was significantly impacted by the depressed economy and that bidding competition for construction contracts greatly increased. Lenz presented no evidence of specific bids, how loss of the forklift affected his bids, nor by what margins his bids were unsuccessful. In fact, the record shows Lenz had no work for the machine for at least 3 or 4 months after the accident. By then, the machine could have been replaced. In short, Lenz' claim for business interruption was entirely speculative and unproven. The District Court did not err in denying Lenz' claim for business interruption.

The judgment of the District Court is affirmed.

Justice

6

We concur:

_____
_____
_____
_____
Justices