No. 88-45

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

PATRICK D. VINION,

         Plaintiff and Respondent,

    -vs-

THE WOOD YARD, INC.,
a Montana corporation,

         Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Nineteenth Judicial District,
               In and for the County of Lincoln,
               The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Warden, Christiansen, Johnson & Berg; Kelly M. Wills,
        Kalispell, Montana

    For Respondent:

        Douglas Law Firm; William Douglas, Libby, Montana

_____

Submitted on Briefs:  April 21, 1988

Decided:  May 19, 1988

Filed: MAY 19 1988

_____
            Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from findings of fact, conclusions of law and judgment of the Nineteenth Judicial District Court, Lincoln County, awarding the plaintiff/respondent Patrick D. Vinion (Vinion), $23,651 in damages. We affirm but remand to the District Court for revision of the amount awarded.

The issues presented to the Court are as follows:

1. Did the District Court err in awarding damages for reduced market value of Vinion's building and was the award based on substantial evidence?

2. Did the District Court err by failing to deduct the salvage value of Vinion's jukebox and records when it awarded damages?

On January 16, 1987, a truck belonging to defendant/appellant The Wood Yard, Inc. (Wood Yard), which was being operated by a Wood Yard employee, backed into a building owned by Vinion. The accident occurred as the truck was being positioned to unload a number of logs at the building owned by Vinion which is located next to U.S. Highway 2 in Libby, Montana. The logs dislodged as the truck hit the building and damage occurred to the cement block building and certain personal property of Vinion.

A complaint was filed by Vinion on January 30, 1987. Wood Yard admitted damaging the building and the personal property but disputed the extent and amount of damage claimed by Vinion. The amount of damage Wood Yard admitted totalled $2,446. At trial, held October 27, 1987, a number of claims for damages were left for determination by the District Court.

After hearing testimony from Vinion, a number of experts, and parties who had sold Vinion some of the personal

2

property, along with two witnesses for Wood Yard, the District Court determined that Vinion was entitled to $600 for replacement of the block walls; $18,500 for diminution in value of the building; $1,425 for damage to a jukebox and records; and $680 for the value of an unsalvageable damaged sofa. Wood Yard contends the District Court erred in the award of $18,500 for the diminution in value to the building and in failing to deduct $100 as salvageable value from the jukebox and record award.

The standard for review in this case is clear that this Court will not reverse the District Court absent a showing that its determinations were clearly erroneous. Rule 52(a), M.R.Civ.P. On appeal, the findings of the trial court are presumed to be correct if supported by substantial evidence and we refuse to substitute our judgment for that of the District Court where the District Court is acting as the trier of fact and there is substantial evidence to support its decision. Department of Revenue v. New Life Fellowship of Montana, Inc. (Mont. 1985), 703 P.2d 860, 862, 42 St.Rep. 1129; Robinson v. Schrade (Mont. 1985), 697 P.2d 923, 925, 42 St.Rep. 401.

The filed complaint requested $20,000 for the diminution of value of the building. Vinion first stated at trial that he believed $50,000 was a proper recovery but upon advice of his attorney stated he would accept $20,000. In its findings of fact, the District Court found the following:

> Diminution in value of building. Plaintiff's building is constructed of concrete blocks which typically after completion show some small cracks between the blocks because of settling. There were no such cracks in the walls which were affected by the collision. As a result of the collision, large portions of the south and west walls of the building were knocked down. When the

support of these walls was taken away, three continuous cracks in the structure occurred in the immediate area of physical damage. These cracks started in the bottom portion of the walls and went to the second floor of the building, passing through bond beams. These cracks are unsightly and are inconsistent with the appearance of the remainder of the building. While the cracks are probably not of a nature to greatly affect the structural soundness of the building, they do affect its [aesthetics]. To prospective buyers of the building, they represent defects which will diminish the attractiveness, hence the value of the building. The building in its intact condition had a reasonable value on the local market of $185,000.00, and the damage to the building by Defendant reasonably reduces that value by $18,500.00. While the cracks can be cosmetically hidden, they represent a defect which cannot reasonably be removed and which, if cosmetically cured, would become a hidden defect in the building.

Wood Yard argues the evidence presented at trial failed to conclusively establish that Vinion suffered an actual loss in the market value of the building and that Vinion failed to present evidence of the amount of damage with as much precision as possible. Wood Yard's initial argument rests on the claim that "a judgment for damages must be supported by substantial evidence that is not the product of mere guess or speculation." Lenz Construction Company v. Cameron (Mont. 1984), 674 P.2d 1101, 1103, 41 St.Rep. 106.

However, when there is strong evidence of the fact of damage, the defendant should not escape liability because the amount of damage cannot be proven with precision. Albers v. Bar ZF Ranch, Inc. (Mont. 1987), 747 P.2d 1347, 44 St.Rep. 2081; Jarussi v. Board of Trustees of School Dist. No. 26, Lake County (1983), 204 Mont. 131, 136-137, 664 P.2d 316,

4

318. *Jarussi*, supra, is instructive in this case because it involved a jury award of damages based on the claimant's own testimony. Jarussi testified that he lost between $16,000 and $17,000 when he was forced to hastily sell most of his personal property to move to Alaska for work. He also testified that his moving expenses were $2,901.50. The jury awarded $16,500 for losses on the sale of Jarussi's personal property and $2,900 for moving costs. This Court affirmed. Of significance is the fact that the defendant in *Jarussi* presented no evidence refuting Jarussi's claimed damages.

In the case at bar, the damage award was based largely on the testimony of Vinion himself who claimed $20,000 was the minimum required to compensate him for diminution in value. The District Court awarded $18,500. Although Vinion's expert testified, he could not place a dollar value on the loss without further investigation. This is the gravamen of the second reasonable argument presented by Wood Yard that the best evidence available under the circumstances should be produced to support the plaintiff's claim. Sack v. A.V. Design, Inc. (Mont. 1984), 683 P.2d 1311, 1314, 41 St.Rep. 1272. Nonetheless, it is important to note that the expert that Wood Yard produced also did not, or could not, dispute the dollar value expressed by Vinion.

Wood Yard admitted that it caused the damages in this case. If it is reasonably certain that damages were sustained by the wrongful act or breach of the defendant, then reasonable damages rationally supported by the evidence will be upheld. Castillo v. Franks (Mont. 1984), 690 P.2d 425, 431, 41 St.Rep. 2071. The District Court clearly set out the basis upon which it found diminution in value in this case and this basis was grounded on substantial credible evidence.

5

It is undisputed that the owner of property may testify as to its value. Cremer v. Cremer Rodeo Land and Livestock Co. (Mont. 1981), P.2d 1199, 1202, 38 St.Rep. 574. Under the circumstances of this case, where Wood Yard did not offer any contrary amount to the actual figures presented by Vinion, we have no alternative than to affirm the District Court's award. The law requires only that the trier of fact exercise calm and reasonable judgment, and the amount of award rests of necessity in the sound discretion of the trier of fact. Johnson v. Murray (1982), 201 Mont. 495, 506, 656 P.2d 170, 175.

As to the failure on the part of the District Court to deduct from the reasonable value of the jukebox and records the $100 salvage value, we note that this appears to be a mere mathematical error. Vinion admits the error and we therefore remand to the District Court to enter a revised judgment reflecting the $100 salvage value.

We affirm and remand for entry of a revised judgment.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6