
DA 08-0275

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 103

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DANIEL CARL KALAL,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC 07-35
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Torger Oaas; Oaas Law Office; Lewistown, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

          Thomas P. Meissner, Fergus County Attorney; Lewistown, Montana

Submitted on Briefs:  February 25, 2009

Decided:  March 31, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Daniel Kalal ("Kalal") was charged with theft of a tractor. Kalal pleaded guilty and received a two year deferred imposition of sentence. He was ordered to pay restitution for the value of the tractor and other items of stolen property in the amount of $23,513.43. Kalal satisfied that restitution obligation.

¶2 The victim of the theft, Jim Petranek, sought additional restitution for loss of income in the amount of $21,724. After receiving additional briefing on this issue, the court ordered Kalal to pay additional restitution for loss of income in the amount of $15,960. Kalal appealed from this order of restitution. We affirm.

## BACKGROUND

¶3 Petranek's claim of lost income is based upon his testimony that he planned on using the tractor for the following income-generating purposes:

(1) To build a two and one half mile fence between his ranch property and adjacent BLM land, which would allow his property to be leased for summer grazing. The ranch property is 75 miles from Petranek's home. This resulted in a claim of $5,040 in lost income.

(2) To complete construction of a cabin which could be rented for 60 days a year for $6,000; further the cabin would facilitate leasing this property for hunting and fishing for some $5,764.

(3) To seed 120 acres for grass production and farming. This resulted in a claim of lost income of $4,920.

¶4 Through cross-examination of Petranek, Kalal established that there were other tractors available to rent; that a reasonable rental price for such a tractor was around $130 to $140 per day. Petranek testified that he would have needed 9 days to complete the

2

fencing, 7 to 10 days for the cabin construction, and 20 hours to do the seeding. Kalal thus contended that Petranek had a duty to mitigate his damages by renting a tractor at a cost of $3,080 in order to complete his projects in the above time frames.

¶5 Petranek, however, testified that because of the demands of his full-time job as a city public works specialist for the City of Lewistown, he would not have been free to complete the projects listed above in one continuous period of time. Rather, he could only work weekends or long weekends with a day or two off of work. Even then, he was often on-call and was required to drop everything and respond to emergencies.

¶6 As a result of Petranek's limited availability to work on projects, the District Court concluded that there were serious practical impediments to his renting a tractor. The District Court noted, inter alia, that it would take several hours to rent, load and haul a rental tractor and that Petranek could not afford to leave a rental tractor on the property during the week so that it would be available for weekend work. Accordingly, the District Court concluded that the theft of Petranek's tractor resulted in a loss of income for summer grazing and farming/grass production in the amount of $9,960 and a loss of $6,000 for cabin rental. The District Court rejected Petranek's claim for an additional $5,764 for a hunting lease.

### STANDARD OF REVIEW

¶7 We review a sentence in a criminal case to determine whether or not it is a legal sentence. *State v. Cesnik*, 2005 MT 257, ¶ 13, 329 Mont. 63, 122 P.3d 456. Findings

3

regarding the amount of restitution ordered are reviewed to determine whether they are "clearly erroneous." *State v. Heath*, 2004 MT 126, ¶ 13, 321 Mont. 280, 90 P.3d 426.

## DISCUSSION

¶8 Section 46-18-241, MCA, provides that a sentencing court shall, as part of a sentence, require an offender to make full restitution to any victim who has sustained pecuniary loss. Section 46-18-243(1)(a), MCA, defines pecuniary loss as "all special damages . . . that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities," including loss of income.

¶9 The issue of mitigation of damages in the context of restitution for criminal activity is a question of first impression in this state. Since the statutes requiring restitution in a criminal sentencing are based upon damages available in a "civil action," we look to our precedent in the fields of tort and contract law. The general rule is that an injured party cannot recover damages for breach of contract that the injured party reasonably could have avoided. *See Bitterroot Intl Sys. v. Western Star Trucks*, 2007 MT 48, ¶ 62, 336 Mont. 145, 153 P.3d 627. The duty of an injured party to reduce or mitigate damages is limited. *McPherson v. Kerr*, 195 Mont. 454, 459, 636 P.2d 852, 855 (1981) (quoting *Spackman v. Ralph M. Parsons Co.*, 147 Mont. 500, 505, 414 P.2d 918, 921 (1966)). "The test is: What would an ordinary prudent person be expected to do if capable, under the circumstances?" *McPherson*, 195 Mont. at 459, 636 P.2d at 856. An injured person is not expected to do what is "unreasonable or impracticable."

4

*McPherson*, 195 Mont. at 460, 636 P.2d at 856. For example, in *McPherson*, the plaintiff was not expected "to expend $1,100 which he doesn't have [in order to remove a damaged semi-trailer from storage] to mitigate an injury for which he is not responsible." 195 Mont. at 459-60, 636 P.2d at 856. In *Harrington v. Holiday Rambler Corp.*, 176 Mont. 37, 42, 575 P.2d 578, 579-80 (1978), the plaintiffs were not expected to transport their defective travel trailer from Great Falls to the factory in Wakarusa, Indiana for repair, to have it repaired by a third party and risk voiding the warranty, or to buy a new travel trailer. We hold that the above standard is equally applicable to the duty to mitigate damages in the context of criminal restitution. Thus we adopt the following test: What would a reasonable and prudent person be expected to do if capable, under the circumstances?

¶10 While recognizing the duty to mitigate, the District Court reasoned that no reasonable man could be expected to spend money (or time) he does not have to mitigate an injury for which he is not responsible. Applying the reasonableness standard, the court correctly concluded that, given the impracticability and expense of renting and transporting a tractor a long distance for short periods of time, an award of $15,960 for Petranek's loss of income was reasonable. The findings supporting that conclusion are not clearly erroneous.

¶11 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER