FILED

04/26/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0434

DA 15-0434

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 97N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ZACHARY JORDAN KLUNDT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 14-104 (A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney, Stacy Boman, Deputy Flathead
County Attorney, Kalispell, Montana

Submitted on Briefs:  March 29, 2017

Decided:  April 26, 2017

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Zach Klundt appeals his sentence from the Eleventh Judicial District Court requiring him to pay Susan Cahill over $640,000 in restitution for ransacking and destroying her business. We affirm in part and reverse in part.

¶3    Cahill is a physician's assistant who owned and worked at All Families Health Care—a family medicine practice that offered among its healthcare services first trimester abortions. In March 2014, Klundt broke into All Families Healthcare and damaged the business extensively. The police officer who investigated the incident testified that it was the most property damage that he had ever seen. Klundt pled guilty to burglary, criminal mischief, and theft—all felonies.

¶4    At Klundt's sentencing hearing, Cahill testified that she had practiced for nearly forty years and that she was planning to retire in three years. She explained that two nurse practitioners were interested in taking over the practice and that she planned to slowly transition her patients to their care. She had solicited a business valuation analysis in anticipation of the future sale, and the accountant who conducted the analysis testified at the hearing.

2

¶5      After Klundt destroyed her business, Cahill considered reopening her practice, but realized that she would have had to "start all over again" because "the destruction was so overwhelming." She testified that landlords were wary of renting to her. She explored other employment opportunities, but as of the hearing she had not found a job that suited her needs. Ultimately, Cahill retired three years earlier than she anticipated and began drawing Social Security three years sooner than she had planned.

¶6      Cahill requested restitution for three years of lost income, the value of her business, the value of damaged property at the business, six months' rent for a small office while she closed out her practice and transferred her patients' care, reductions in IRA contributions and earnings, reductions in Social Security benefits, salary for her assistant, counseling costs, and other various costs and expenses. The District Court awarded the entire request, approximately $642,000.

¶7      The appropriate measure of restitution is a question of law that we review for correctness. *State v. Aragon*, 2014 MT 89, ¶ 9, 374 Mont. 391, 321 P.3d 841. A district court's finding of fact as to the amount of restitution is reviewed for clear error. *Aragon*, ¶ 9. A finding of fact is clearly erroneous if it is not supported by substantial evidence, the court misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed. *Aragon*, ¶ 9. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence, but less than a preponderance. *Aragon*, ¶ 9.

¶8      On appeal, Klundt contends that Cahill failed to mitigate her damages because she made no attempt to sell her business and its remaining intangible assets and because she

3

turned down job opportunities. He alleges that the District Court abused its discretion in awarding Cahill her requested business valuation because the valuation was speculative, that the business retained value after the incident, and that the methodology used to value the business was erroneous. Klundt contends further that Cahill's claimed income and retirement losses were necessarily included in the business valuation. He thus argues that awarding Cahill both the value of the business and her lost income and retirement produced a double recovery. Klundt next claims that the District Court erred by awarding Cahill the reductions in her Social Security benefits. Finally, he argues that the District Court incorrectly awarded Cahill both Social Security benefits and lost income for the same time period.

¶9 Montana statute requires a sentencing court to impose "full restitution to the victim" if the defendant's crime resulted in a pecuniary loss to the victim. Section 46-18-201(5), MCA; *Aragon*, ¶ 12. The amount of restitution "is not limited to losses that arise as a direct result of the offense," and it "includes all economic loss that resulted from the crime." *State v. Cerasani*, 2014 MT 2, ¶ 13, 373 Mont. 192, 316 P.3d 819 (citation and internal quotations omitted). The "causal relationship between the offender's conduct and the victim's loss is the touchstone for determining entitlement to restitution." *Cerasani*, ¶ 13 (citation and internal quotations omitted).

¶10 Evidentiary rules do not apply when determining restitution, and neither the court nor the victim is required "to substantiate a restitution calculation with documentation." *Aragon*, ¶ 12 (citations and internal quotations omitted). Although we have upheld restitution awards "where the only evidence in the record was the victim's affidavit or

4

testimony regarding the amount of pecuniary loss," we have "rejected restitution where the evidence before the court was insufficient to support the amount awarded." *Aragon*, ¶ 14. Further, "speculative calculations will not suffice" to support a restitution award. *State v. Dodson*, 2011 MT 302, ¶ 13, 363 Mont. 63, 265 P.3d 1254 (citations and internal quotations omitted). In calculating uncertain losses, "[a] court may use reasonable methods based on the best evidence available under the circumstances," which can "include a reasonably close estimate of the loss." *Dodson*, ¶ 12 (citations and internal quotations omitted).

¶11 A victim has a duty to mitigate damages, but that duty is limited. *State v. Kalal*, 2009 MT 103, ¶ 9, 350 Mont. 128, 204 P.3d 1240. We look to what "an ordinary prudent person [would] be expected to do if capable, under the circumstances." *Kalal*, ¶ 9 (citation and internal quotations omitted). We do not require victims to undertake "what is unreasonable or impracticable" in trying to mitigate damages. *Kalal*, ¶ 9 (citation and internal quotations omitted).

¶12 Cahill was three years away from retiring and had a plan to transition her patients' care when Klundt destroyed her business. She tried to find office space to reopen, but Klundt's actions made landlords hesitant to rent to her. She also tried to find similar work but was unable to find a suitable job. Under these circumstances, the District Court did not abuse its discretion because substantial evidence in the record supports the court's decision not to reduce Cahill's restitution award for failure to mitigate her damages.

¶13 We are unpersuaded by Klundt's arguments relating to the valuation of Cahill's business. The accountant who performed the business valuation analysis explained his methodology at the hearing. Klundt called an expert witness to testify regarding the

business valuation, but his expert did not provide an estimated value for the business. Based on the evidence available, we conclude that the District Court acted reasonably in valuing Cahill's business and did not err when it awarded Cahill income and retirement losses apart from the business valuation. If Cahill's employment situation changes in the future, Klundt can petition the sentencing court to modify the ordered restitution. Section 46-18-246, MCA.

¶14 We do agree with Klundt, however, that the District Court erred in awarding Cahill restitution for a reduction in Social Security benefits. Klundt points out that the total Social Security payout is calculated to be the same over the life of a retiree. A person who retires at age sixty-four receives a lower monthly amount than does a person who retires at age sixty-seven because the former will receive three more years of payments. Although the total payout depends on the actual lifespan of the recipient, it is speculative to conclude that Cahill will suffer a pecuniary loss of Social Security benefits, and restitution for lost benefits is thus inappropriate. *Dodson*, ¶ 13. In addition, the court awarded lost income for the same time period.

¶15 We hold that the District Court properly awarded Cahill restitution for the loss of her business and for her lost income and retirement. The District Court improperly awarded Cahill restitution for "lost" Social Security benefits. The record reflects that the amount of this portion of the award was $61,124.00. Accordingly, we remand to the District Court for entry of an amended judgment striking $61,124.00 from the total restitution award.

¶16   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents no issues of first impression and does not establish new precedent or modify existing precedent.  The District Court correctly applied the law and, with the exception of the Social Security award, did not abuse its discretion in determining the amount of restitution.  We affirm in part, reverse in part, and remand for entry of an amended judgment.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE