294 N.E.2d 617 (1973)
JERRY ALDERMAN FORD SALES, INC., Defendant-Appellant,
v.
Mary Lou BAILEY, Plaintiff-Appellee, Central Indiana Truck Equipment Corporation, Defendant-Appellee.
No. 871A148.
Court of Appeals of Indiana, Second District.
April 5, 1973.
*618 Henry J. Price, Jon D. Noland, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for defendant-appellant.
John A. Young, Thomas P. Ledgerwood Rocap, Rocap, Reese & Young, Indianapolis, for appellee, Mary Lou Bailey.
James C. Clark, Clark & Clark, Indianapolis, for appellee, Central Indiana Truck Equipment Corp.

ON APPELLANT'S PETITION FOR REHEARING
SULLIVAN, Judge.
Appellant Alderman's Petition for Rehearing asserts ten separate specifications of error in the decision and opinion heretofore issued December 27, 1972. See Alderman v. Bailey (1972 Ct.App.), 291 N.E.2d 92. We deem two of the specifications worthy of comment in this opinion on rehearing.
Appellant Alderman first claims that:
"The Court erred in affirming the judgment for punitive damages and in holding that appellee's (Mrs. Bailey's) evidence of `malice or oppressive conduct' was not precluded by her failure to plead fraud with specificity since such evidence solely involved acts relating to the original sale of the truck and was not related to the wrongful act of conduct complained of in Mrs. Bailey's amended complaint."
Implicit in Alderman's contention is the assumption that the only evidence which could prompt an award of punitive damages was evidence with respect to the original sale of the truck and with respect to negotiations prior to that sale. Such is not the case. The plaintiff alleged that it was the refusal to redeliver the truck by defendant-Alderman after it had been brought in for repair which was malicious and oppressive. The jury was under the circumstances, entitled to so find.
*619 It is true that evidence relative to defendant's state of mind at and prior to the sale does not directly bear upon the defendant's state of mind at the time defendant failed to return the vehicle to plaintiff, the latter time being the controlling and crucial time as fixed by the complaint with respect to the allowance of punitive damages. This is not to say however, that such evidence is inadmissible. Evidence as to defendant's state of mind at and prior to sale might well justify a reasonable inference that such malice and oppressive conduct constituted a continuous state of mind and but a single course of conduct  that the entire transaction was a single transaction culminating in the oppressive and malicious refusal of defendant to return plaintiff's truck.
Alderman secondly claims:
"The Court erred in upholding the trial court's implied warranty instruction and in holding that the jury could have refused to give force and effect to Alderman's disclaimer of implied warranties since (a) the validity of such a disclaimer is a question of law for the court to determine ..."
The narrow question involved in this portion of the Petition for Rehearing is whether the trial court determined that Alderman's disclaimer was sufficient or insufficient to disclaim all implied warranties. This being so, it is not necessary to ascertain whether the court's determination of the "conspicuousness" of the disclaimer was a question of law or a question of fact.
In its instructions to the jury, the trial court gave an implied warranty instruction. It did not give an instruction concerning the effectiveness of Alderman's disclaimer provision. The failure to instruct on disclaimers was proper since the effectiveness of a disclaimer is "for decision by the court" and not for decision by the jury. IC (1971), XX-X-X-XXX(10), Ind. Ann. Stat. § 19-1-201(10) (Burns' 1964 Repl.). It must be and is by us assumed that because the trial court gave an implied warranty instruction it deemed the disclaimer to have been not so conspicuous as to exclude such a warranty.
The following language however from our December opinion was unfortunate and we now recognize that it could produce an erroneous procedural effect:
"The jury might well have found that the purported exclusion or disclaimer was not sufficiently conspicuous so as to meet the requirements of the Uniform Commercial Code provision above quoted in that it was located at the extreme bottom of the reverse or second page of the contract, which page did not require nor contemplate a signature by the purchaser. See Rehurek v. Chrysler Credit Corp. (1972) Fla.App., 262 So.2d 452. It was, therefore, not inappropriate for the jury to have found the existence of an implied warranty of fitness not excluded by the written contract executed by the parties." (Emphasis supplied) (291 N.E.2d 92, 102)
In view of the consideration given herein to the "conspicuousness" question, we now substitute the following language for the first sentence of the above-quoted passage:
"It might well have been found by the court that the purported exclusion or disclaimer was not sufficiently conspicuous so as to meet the requirements of the Uniform Commercial Code provision above quoted in that it was located at the extreme bottom of the reverse or second page of the contract, which page did not require nor contemplate a signature by the purchaser."
Appellant Alderman's Petition for Rehearing is denied.
BUCHANAN, P.J., concurs.
LOWDERMILK, J., concurs (participating by designation).