130 N.J. Super. 193 (1974)
325 A.2d 866
CATHERINE E. BARTLETT, PLAINTIFF,
v.
ROBERT GARRETT, JR., DEFENDANT.
Superior Court of New Jersey, District Court  Cumberland County.
September 13, 1974.
*194 Mr. Theodore Ritter for plaintiff (Messrs. Horuvitz & Perlow, attorneys).
Mr. John R. Himmelberger for the defendant (Horn, Weinstein & Kaplan, attorneys).
*195 PORRECA, J.C.C., Temporarily Assigned.
In December 1973 plaintiff's automobile was struck while parked. Defendant, the driver of the car that struck plaintiff's vehicle, admitted liability and the case comes before the court solely for the purpose of assessing damages. It was established that the cost of repairing the car, about $800, exceeded its fair market value, and both parties stipulated that the car was a total loss. In addition to the difference between the fair market value of the car before the accident and its salvage value, plaintiff sought to recover $26.25 for towing, $213.30 for rental expenses, and $268 for storage. The defendant objected to any award being made for a rental car, and to the size of the amount requested for storage.
A plaintiff in a tort action is entitled to recover in damages for provable personal injury, property damage and economic loss proximately caused by the negligence of another. The rule in New Jersey, at least in cases of partial destruction of a vehicle, is that reasonable loss-of-use damages are recoverable as economic loss where such damages are capable of clear proof. Hintz v. Roberts, 98 N.J.L. 768 (E. & A. 1923); Graves v. Baltimore & New York Ry. Co., 76 N.J.L. 362 (Sup. Ct. 1908). In the Hintz case, the court stated:
No doubt where, through an injury to an automobile, the plaintiff is temporarily deprived of its use the measure of damages is the amount of injury to the automobile, together with the value of its use during the time required, by the exercise of proper diligence, to procure its repair. [98 N.J.L. at 771]
This appears to be the majority rule. See cases cited in 18 A.L.R.3d 497, 508-511.
Where there has been a total destruction of the vehicle, however, as in this case, some courts have refused to award loss-of-use damages. See cases cited in 18 A.L.R.3d 497, 516-519. The rationale has been that where a plaintiff recovers the full fair market value of the vehicle destroyed, he has been made whole thereby. This rule has not been *196 accepted in any reported New Jersey case and is logically inconsistent with the New Jersey rule permitting recovery for loss-of-use in partial destruction cases.
When an automobile is damaged through the negligence of another, temporary loss of the use of such vehicle pending repair or replacement is a reasonably foreseeable consequence of the defendant's tortious conduct. Compensation for the temporary loss of use is directed at plaintiff's economic loss, the amount of money plaintiff had to pay for rental of a car. This is an injury different in kind from property damage, the amount of money necessary to repair or replace the damaged vehicle. A plaintiff in a total destruction case deprived of his reasonable loss-of-use expenses has simply not been made whole. It would be illogical and unjust to make recovery of this component of economic loss depend upon the extent of property damage to the vehicle. Where the need for a substitute vehicle is clearly established and where such vehicle is actually procured for a reasonable time, a plaintiff is entitled to recover for out-of-pocket expenses in renting the substitute vehicle whether the property damage to plaintiff's car is partial or total.
In the case at bar plaintiff established both her need for a car during the 2 1/2 week period between the date of the accident and the date on which a replacement vehicle was purchased, and the reasonableness of this period. Plaintiff was an elderly woman in a rural community which was without public transportation. The loss occurred December 21. She particularly needed a car for transportation during the Christmas-New Year holiday season. Given the time of the year and the type of vehicle properly being sought, namely a used economical vehicle, 2 1/2 weeks was not an unreasonable amount of time for her to seek, find, finance and have delivered a replacement vehicle. The plaintiff is therefore entitled to recoup her full rental expenses.
The storage of a damaged vehicle for a reasonable period of time, pending a determination of the extent of *197 the damage and the advisability of repair, is another reasonably foreseeable expense for which the tortfeasor should be held liable. In the instant case, however, storage fees were permitted to accumulate at the rate of $1 a day for nearly nine months. Such a period of time was clearly unreasonable under the circumstances. Within two weeks of the accident plaintiff knew that the cost of repairing her car exceeded its fair market value and the search for a replacement vehicle was on. She should have promptly made arrangements to dispose of the car at that time. Plaintiff is not entitled to recover storage expenses in excess of those reasonably incurred during the time necessary to determine whether the car was worth fixing. Storage expenses are therefore awarded in the sum of $14.
Judgment is hereby entered in favor of the plaintiff and against defendant Garrett only in the sum of $693.55[*] plus out-of-pocket costs.
NOTES
[*] Fair market value of car on date of accident $500.00
 Towing expenses 26.25
 Storage expenses ($1/day for two weeks) 14.00
 Rental expenses 213.30
 _______
 $735.55
 Less salvage 60.00
 _______
 $693.55