## Doyle STEVENS *v.*
## MID-CONTINENT INVESTMENTS, Inc.

74-221                                                    517 S.W. 2d 208

### Opinion delivered December 23, 1974
[Rehearing denied January 27, 1975.]

*Atchley, Russell, Waldrop & Hlavinka,* for appellant.

*Young & Patton,* by: *David Folsom,* for appellee.

FRANK HOLT, Justice. This case results from a collision involving appellee's diesel Mack tractor-tank trailer and appellant's pickup-cattle trailer. The jury found appellant negligent and awarded appellee $20,000 for damages to its vehicle and $5,578 for lost profits. Appellant's only contention on appeal is that damages for loss of use are not recoverable. Therefore, appellant asserts that the trial court erred in instructing the jury as to lost profits.

The tractor-trailer, the only one owned by appellee, was used on daily short hauls to transport fuel from a supplier to appellee's truck stop. Appellant agrees that the rig was irrepairably damaged. Appellee promptly attempted to find a replacement by bidding on a used one and, also, ordering a new truck of the same model as the damaged one. A strike, however, prevented action on the bid. Other tractor-tank trailers were immediately available. However, they were considerably more expensive and did not meet appellee's need

for a particular type vehicle, which is a tractor designed to pull two tank trailers. It was unique equipment known as a "West Coast" model. Approximately six months after the accident, appellee received the new truck it had ordered. Several days later, appellee was notified that it was the high bidder on the used truck. Since appellee then had two trucks and needed only one, it sold the used truck. During the six months' period that appellee was without the use of the special type equipment, it contracted with an independent carrier to haul its daily fuel supply. The record shows that this expense reduced its monthly earnings by $1,758.76. The reasonableness of the time in acquiring the needed replacement and speculation as to the loss of profits are not questioned on appeal. As indicated, the loss of profit based upon loss of use of this vehicle is the only issue presented.

In *Jones* v.*Herrin,* 252 Ark. 837, 481 S.W.2d 362 (1972), we adhered to our cases that an individual could not recover compensation for loss of use of a vehicle pending repair of the damages caused by a wrongdoer. However, we recognized "that there is some merit" in allowing recovery. The concurring justices said that our rule denying the loss of use of a vehicle as an element of damages ". . . . is demonstrably unjust, especially when, as here, the plaintiff customarily uses the vehicle in his business. Such an award is essential if the injured person is to be made whole." Subsequently, in *Sharp* v. *Great Southern Coaches, Inc.,* 256 Ark. 773, 510 S.W. 2d 266 (1974), we recognized and approved the recovery of compensation for loss of use as an element of damages where a commercial vehicle was partially damaged and enunciated the criteria in making that determination. The owner was allowed the income lost while the truck was being repaired, citing Ark. Const. Art. II, § 13 (1874), which in pertinent part reads:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character . , . .

We further said:

> We note that we ordinarily recognize loss of use as an

element of damages where the detention of other types of property is involved, *McDanial* v. *Crabtree,* 21 Ark. 431 (1860), and *Continental Gin Co.* v. *Clement,* 176 Ark. 864, 4 S.W.2d 901 (1928). When our prior decisions with reference to the compensability of loss of use of a vehicle are considered along with the criticism that has been leveled at them, *Jones* v. *Herrin, supra,* together with the inconsistent position we have taken when loss of use of other property is involved, we find that our former decisions with reference to the compensability for loss of use of a vehicle were somewhat arbitrary and should be overruled when only a partial destruction is involved.

Appellant correctly asserts that *Sharp, supra,* awards loss of use only when a partially damaged vehicle is involved. Appellant is correct in stating that numerous jurisdictions refuse to allow loss of use where the vehicle is totally destroyed, as here, and must be replaced. See 18 ALR3d 497; Blashfield, Automobile Law and Practice, 15 § 480.4. The denial of such relief apparently stems from the historical limitations on the action of trover at common law. *Nashban Barrel & Con. Co.* v. *G. G. Parsons Trucking Co.,* 49 Wis. 2d 591, 182 N.W. 2d 448 (1971); 18 ALR 3d, § 9, p. 519.

The most recent cases, and seemingly just approach, allow recovery for loss of use where, as here, upon proper pleading and proof, there is total destruction of the vehicle. The recovery is subject to the reasonableness of time required for replacement and unspeculative lost profits. See *Nashban Barrel & Con. Co.* v. *G. G. Parsons Trucking Co., supra; Dennis* v. *Ford Motor Company,* 332 F. Supp. 901 (W.D. Pa. 1971); *Daniel* v. *Kerby,* Ky., 420 S.W. 2d 393 (1967); *New York Central Railroad Company* v. *Churchill,* 140 Ind. App. 426, 218 N.E. 2d 372 (1966); *Laney Tank Lines, Inc.* v. *United States,* 237 F. Supp. 205 (E.D. S. Ca. 1965); and 18 ALR3d, § 9, p. 519. In *New York Central Railroad Company* v. *Churchill, supra,* a tractor-trailer unit was totally destroyed. The court allowed damages for loss of use. The owner was awarded the reasonable rental value of a rig during the time needed to replace the destroyed vehicle.

There seems to be no logical reason to allow loss of use as was awarded in *Sharp* and not extend it in the case at bar.

Appellant negligently damaged appellee's truck and it took six months, after diligent effort, to replace it because of its unique design. During this period, appellee suffered pecuniary loss. If the truck had been severely damaged, but repairable, our rule, as announced in *Sharp,* would unquestionably be applicable. The main consideration in *Sharp* was to make the plaintiff whole, a concept which certainly is not novel.

Affirmed.

JONES and BYRD, JJ., dissent.