GEORGE FAIRCHILD, Plaintiff-Appellee, *v.* OLIVER J. KEENE,
Defendant-Appellant.

Fourth District   No. 16592

Opinion filed February 3, 1981.

Ensel, Jones, Blanchard & LaBarre, of Springfield (Dwight H. O'Keefe, III, of counsel), for appellant.

Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield (George W. Cullen and Elizabeth A. Evans, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

A judgment was awarded here for negligently inflicted damage to an automobile in an amount which substantially exceeded the value of the vehicle. After the plaintiff elected to repair the vehicle, unforeseen problems developed. Under these circumstances, we affirm the judgment.

On February 11, 1976, plaintiff, George Fairchild, filed suit in the

circuit court of Sangamon County against defendant, Oliver J. Keene, seeking damages for injury to his automobile resulting from a collision between vehicles driven by the parties on June 22, 1975. The case was tried at bench upon a stipulation as to the testimony. Defendant admitted his liability. Plaintiff was awarded a judgment for $3,733.33. Defendant appeals, asserting (1) no recovery should have been permitted for plaintiff's loss of use of the vehicle, and (2) a total award in excess of the value of the vehicle was improper.

The parties do not dispute that (1) the vehicle was not used commercially, (2) plaintiff did not rent a substitute car, and (3) the reasonable rental value of a substitute car would have been $12 per day. In *McCabe v. Chicago & Northwestern Ry. Co.* (1919), 215 Ill. App. 99, a plaintiff whose pleasure automobile was unreasonably delayed in shipment by the defendant was permitted to recover for the delay upon the basis of the reasonable rental value of a similar vehicle although none was actually rented. The same rule was reiterated in *Welter v. Schell* (1929), 252 Ill. App. 586, where, as here, recovery was sought for loss of use of an automobile damaged in a collision. Recovery was denied there for failure of proof as to the reasonable time to make repairs. We are aware of no Illinois case refuting *McCabe*. In *Goode v. Hantz* (1946), 209 La. 821, 25 So. 2d 604, recovery for the reasonable cost of renting a substitute vehicle for that tortiously damaged was denied where no such vehicle had been actually rented. See also 22 Am. Jur. 2d *Damages* §115, at 223 (1965).

■■ Precedent on the question of whether a substitute chattel need actually be rented is meager, but we see no reason to reject *McCabe*. In almost all cases, the loss of use of an automobile causes some actual damage, but a better measure than rental value is not easily found. To require the actual rental of a vehicle in order for the measure to apply would merely assure that most injured owners would do so. Those who could not afford to advance the money would be unfairly prejudiced. No substantial reduction in the economic costs of automobile collisions would result. The trial court properly considered the rental cost of a substitute vehicle.

■■ Defendant's contention that the value of the damaged vehicle prior to the collision should have been the maximum award permitted presents a more difficult question. Plaintiff's theory is that he was entitled to recovery for (1) the reasonable cost of repairs, (2) the diminution in the value of the car even after the repairs, and (3) his loss of use of the car for the time reasonably necessary for the repairs to be made. Precedent supports an award for each of those elements under proper circumstances. In a case of this nature, the award for the element of cost of repairs may not exceed the diminution in the value of the chattel resulting from the collision and without repairs having been made. (Illinois Pattern

Jury Instructions, Civil No. 30.10 (2d ed. 1971); see *Santiemmo v. Days Transfer, Inc.* (1956), 9 Ill. App. 2d 487, 133 N.E.2d 539.) The obvious purpose of the rule is to require the injured party to mitigate damages and to insure that he only be made whole and not gain from the occurrence. (*Santiemmo.*) Defendant's theory would extend the rule to require consideration of the other elements of recovery claimed by plaintiff so that a damaged vehicle not be repaired when the cheapest method of compensating him for his loss would be to pay him to obtain a vehicle similar to the one damaged. Here, plaintiff's vehicle had a market value of $2,900 before the collision. The judgment for $3,733.33 was $833.33 in excess of the value of the car.

No Illinois case is directly in point, but defendant's theory is supported by some authority. (See 22 Am. Jur. 2d *Damages* §153, at 221-22 (1965); Annot., 169 A.L.R. 1100, 1114-15 (1947).) Recently such a theory was approved in *Davis v. Sotomayer* (1979), 149 Ga. App. 224, 253 S.E.2d 782.

■■ We point out initially a disagreement we have with one hypothesis of defendant's theory. He assumes that the owner of a damaged chattel has no claim for loss of use unless the chattel has been or is to be repaired, citing *Cunningham v. Crane Co.* (1930), 255 Ill. App. 373. There an instruction permitting the owner of a chattel tortiously destroyed to obtain recovery for loss of use was held to be reversible error. No Illinois precedent contrary to *Cunningham* has been called to our attention, but it is contrary to most of the recent cases from other jurisdictions. (22 Am. Jur. 2d *Damages* §153, at 222 (1965).) IPI Civil No. 30.16 (2d ed. 1971) states the measure of damages for loss of use to a chattel as follows: "The reasonable rental of similar property used during the time reasonably required for the repair [*replacement*] of the property damaged." (Emphasis added.) The construction allows recovery for loss of use for the time reasonably necessary to replace property which cannot or should not be repaired. We conclude that loss of use for the time necessary to replace chattels not to be repaired is a recoverable element of damage and should be considered in any formula to determine the limits of recovery in a case of this nature. That evidence is not available here.

If the element of the owner's loss of use for a reasonable time pending the obtaining of a replacement vehicle is included in the formula for a limitation on damages, there is merit to a general rule which forces an injured owner to replace a vehicle having no intrinsic value rather than to repair it when replacement is the most economical procedure. The rule would merely be an extension of the theory that a plaintiff must mitigate damages when it can reasonably be done. Here, however, the evidence showed that plaintiff elected to repair when he would reasonably have expected the vehicle to have been repaired in 28 days and with fewer

parts than were ultimately used. When the vehicle was stripped down at the repair shop, damages were found to be greater than anticipated and the reasonable time for repair became 84 days. By the time this information became available, substantial repair costs obviously had occurred.

■■ The defendant has the burden of proof to show a plaintiff's failure to mitigate damages. (*New York, Chicago & St. Louis R.R. Co. v. American Transit Lines* (1951), 408 Ill. 336, 97 N.E.2d 264.) Here, the court could properly have concluded that plaintiff did not fail to do so. Under those circumstances, the limitation requested by defendant would be illogical even if proper allowance were made for loss of use pending replacement of the vehicle. No Illinois precedent directly supports defendant's theory. We will not impose it under the stipulated evidence here.

■■ Defendant argues in the alternative for a rule that an owner of a damaged vehicle should give notice to one likely to be held liable for its damage before electing as to whether to repair at least when the election presents a close question. The prospective tortfeasor could then elect to tender the damages that would be assessed if the car was not repaired. It would appear that notice would have to be given in most cases because, as here, unforeseen problems might develop. In any event, there is no precedent for such a rule. We do not adopt it.

For the reasons stated, we affirm.

Affirmed.

CRAVEN and MILLS, JJ., concur.