430 So.2d 314 (1983)
Alton L. REYNAUD, Plaintiff-Appellee,
v.
Bobby D. LEONARD, Sr., et al., Defendants-Appellants.
No. 82-716.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*315 Stafford, Stewart & Potter, Paul Boudreaux and Larry Stewart, Alexandria, for defendants-appellants.
Henry H. Lemoine, Jr., Pineville, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, Steven W. Cook, Alexandria, for defendant-appellee.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
The above numbered and entitled matter was consolidated at the trial level and on appeal with the case of First State Insurance Company, et al v. Northeast Insurance Company, et al, 430 So.2d 317 (La.App. 3rd Cir.1983), in which case we this day render a separate decision.
Both cases arise from one accident. A tractor-trailer rig was forced from the road and wrecked when a wheel came off another truck and rolled into the rig's steering mechanism. The owners and insurers of the tractor-trailer and its cargo sued for the resulting property damages. The defendants in both cases were the driver, the owner and the insurer of the truck from which the offending wheel was believed to have come. The trial court found for plaintiffs and awarded damages.
Defendants have appealed both cases raising three issues: (1) whether the circumstantial evidence was sufficient to hold defendants liable, (2) whether the trial court erred in refusing to permit defendants' expert to testify, and (3) whether certain damage awards were proper.
*316 We will discuss these issues under the headings: Liability, Exclusion of Expert Testimony, and Damages.

LIABILITY
No one saw the wheel come off. The evidence connecting that wheel to defendants' truck was circumstantial but it was sufficient. We agree with and affirm the trial court's finding of liability.
Appellees' tractor-trailer, driven by Alton Reynaud, was going south at night on twolane U.S. 165 near Alexandria. Just as he met another tractor-trailer going north, Reynaud saw a puff of smoke or dust, then he saw a wheel come out from behind the passing vehicle. He hit the wheel and went into the ditch.
A third driver saw these two vehicles pass. James C. Smith was driving a tank truck north. He was following a log truck. As the northbound log truck met Reynaud's southbound rig, Smith saw Reynaud's truck immediately swerve to the right and go off the road.
After stopping to render aid, Smith resumed his trip north. At a point two miles up the road he saw what appeared to be the same log truck and trailer stopped at a repair shop.
The log truck which was stopped for repairs was driven by defendant Bobby Leonard, owned by defendant Lavergne Ackel, and insured by defendant Northeast Insurance Company. The log truck was stopped to replace a lost trailer wheel. Its driver admitted that the wheel had been lost on that trip. The wheel struck by Reynaud's rig was found to fit the log trailer. The tire of the damaging wheel was a retread and the log trailer was equipped with retreads. The wheel lost and the wheel found came from the right side of a vehicle.
Defendants contend that this circumstantial evidence does not meet the burden of proof because there was heavy truck traffic on the road and Reynaud could not identify the truck passing him at the time of the accident. Defendants also argue the mechanical improbability of a wheel from the right side of its trailer winding up on the opposite side of the highway. Finally, they point to the time sequence related by one witness suggesting that the accident happened after their truck stopped for repairs.
To meet the burden of proof required in civil cases, the circumstantial evidence need not negate all other possible causes, Naquin v. Marquette Cas. Co., 244 La. 569, 153 So.2d 395 (1963), it need only prove the causal relationship to be more probable than not. Vonner v. State Department of Public Welfare, 273 So.2d 252 (La.1973). There is sufficient evidence in the record from which the trial court could conclude that it was more probable than not that the wheel that caused plaintiffs' damages came from the defendants' trailer.

EXCLUSION OF EXPERT TESTIMONY
The trial court refused to consider the testimony of an expert witness whose identity was not made known to plaintiffs until less than two days before trial. Four months before trial a pretrial conference was held for the noticed purpose of exchanging names of witnesses including experts. Defendants did not then give notice, as required, of the name of any expert proposed to be called. When notice was given on the Monday morning preceding the Wednesday trial date, plaintiffs were caught by surprise. The trial court refused to permit the witness, offered as an accident reconstruction expert, to testify. The court reasoned that defendants had plenty of time to procure an expert and that it would be unfair to plaintiffs at that late hour to grant a continuance or hold the case open for further expert testimony.
In a similar case, Sibley v. Menard, 398 So.2d 590 (La.App. 1st Cir.1980), writ denied 400 So.2d 211 (La.1981), the court held that it was not an abuse of discretion for the trial court to exclude the testimony of an "eleventh hour expert" where there had been an unjustified failure to comply with a pretrial order requiring disclosure of expert witnesses.
We likewise find no abuse of discretion in the instant case.

*317 DAMAGES
Alton L. Reynaud was awarded damages totaling $38,682.50. This is the only damage award appealed in this case.
Reynaud owned the tractor and it was a total loss. The parties stipulated its fair market value to be $28,500. Reynaud's total award included this amount but no consideration was given to the salvage value, likewise stipulated, of $2,500. Appellant contends this was error, and it is. Reynaud is entitled only to the difference between fair market value and salvage value. Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8 (La.App. 3rd Cir.1980). We will reduce this item of the award by $2,500.
Defendants' principal complaint as to Reynaud's damage award is the amount given for loss of use. The tractor was a 1977 white Road Commander. The accident happened on September 30, 1981, and Reynaud was unable to buy a replacement until the following November 18, a period of 51 days. There was extensive evidence offered in connection with the loss of use or down time claim. After reviewing the evidence, the trial court concluded that Reynaud was entitled to $9,500 for this item.
Appellants argue that no recovery for loss of use should be permitted because there was no evidence as to what was a reasonable time within which plaintiff should have procured a replacement, citing Bunkie Funeral Home, Inc. v. McNutt, 414 So.2d 1263 (La.App. 3rd Cir.1982). That case states the general rule that where a wrecked vehicle is totally destroyed or repair is not economically feasible, damages for the loss of the vehicle are recoverable, but only for a reasonable period of time, i.e., that period in which the owner should become aware of the situation and secure a replacement.
Reynaud knew that his truck was a total loss the day after the accident. However, the evidence supports a finding that he was unable to secure another truck to replace the lost one until the middle of November. He had to borrow the money from his father and brother. He had no truck between September 30th and November 18th. Considering the nature and cost of the vehicle involved and the difficulty of finding a replacement, we cannot say that the trial court's determination that 51 days was a reasonable time within which to secure a replacement was erroneous. In the similar case of Meshell v. Insurance Company of North America, 416 So.2d 1383 (La. App. 3rd Cir.1982) the court found that 60 days was not an unreasonable time to take to secure the replacement of a dump truck.
Appellants' argument that the amount of the down time award was excessive is without merit. The measure of damage for loss of use is a matter within the trial court's discretion. From the evidence we find no abuse of discretion in the trial court's determination that Reynaud suffered down time loss of $9,500.
For the reasons assigned, the judgment awarding Alton L. Reynaud $38,682.50 is reduced by $2,500, the salvage value of his tractor, to the sum of $36,182.50. In all other respects the judgment is affirmed with appellants to pay costs on appeal.
AMENDED and AFFIRMED.