George **PERSINGER,**
**Defendant-Appellant,**

v.

Roberta **LUCAS, Plaintiff-Appellee.**

No. 03A01–8701–CV–00015.

Court of Appeals of Indiana,
First District.

Sept. 1, 1987.

Mark R. Smith, Jennings, Maas & Stickney, Indianapolis, for defendant-appellant.

Stephen R. Heimann, Columbus, for plaintiff-appellee.

Indiana Trial Lawyers Ass'n, Daniel A. Roby, Kathryn J. Roudebush, Roby and Hood, Fort Wayne, for amicus curiae.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

George Persinger appeals from the Bartholomew County Court an award of damages in favor of Roberta Lucas in the amount of Three Thousand Five Hundred Fifteen Dollars ($3515). We affirm the judgment but reduce the damages.

## FACTS

On November 26, 1985, Roberta Lucas's 1976 Vega, which was being operated by her husband Lee Roy Lucas, was struck from behind by a 1977 Suburban driven by George Persinger. After the collision, the Vega was towed to Ronnie's Body Shop instead of Lucas's home, because Lucas was unable to pay the Thirty-five Dollar ($35) towing bill. On November 27, 1986, Lucas obtained a repair estimate from the body shop which indicated that the vehicle was totaled. However, Lucas was forced to leave the vehicle in storage at Ronnie's Body Shop, because she was unable to pay the towing and storage bill. Thus, storage costs accrued over the duration of the present litigation.

The Lucases did not own another vehicle and out of necessity rented a vehicle from a member of the church they attended. Later, the Lucases rented a vehicle from their landlord. Finally, the Lucases rented a vehicle from a relative. All of the rentals were made on credit and for Twenty Dollars ($20) per day. The Lucases testified that they were unable to rent from a regular car rental agency because of financial inability. The Lucas's only means of financial support was provided by food stamps, A.D.C., and scrapping of aluminum cans.

On December 3, 1985, Lucas filed a complaint for damages. On January 31, 1986, Persinger filed a demand for jury trial which was denied as untimely. On May 22, 1986, a bench trial was held. Final judgment was entered on June 24, 1986, in favor of Lucas. The trial court awarded damages as follows:

"Storage of Defendant's vehicle for a period of 120 days at the rate of four dollars ($4.00) per day; rental of a replacement vehicle for a 120 day period at the rate of twenty dollars ($20.00) per day; towing charges in the sum of thirty-five ($35.00) and reasonable value of Plaintiff's vehicle being in the sum of six hundred dollars ($600.00). Total damages due and owing to the Plaintiff as a result of Defendant's negligence being in the sum of $3,515.00 and judgment shall and does enter in favor of Plaintiff and against Defendant in said amount, plus the costs of this action and statutory postjudgment interest."

Persinger appeals this award.

## ISSUES

Persinger presents four (4) issues for review, which we restate as follows:

1. Whether the trial court erred in awarding Twenty-Four Hundred Dollars ($2400) in damages for loss of use of the destroyed vehicle by finding that the reasonable time for replacement was One Hundred Twenty (120) days.

2. Whether the trial court erred by finding that the reasonable rental value for loss of use purposes was Twenty Dollars ($20) per day.

3. Whether the trial court erred in awarding Four Hundred and Eighty Dollars ($480) for storage costs based on a per day charge of Four Dollars ($4.00) for One Hundred and Twenty (120) days.

4. Whether the trial court erred in allocating zero percent (0%) fault to Lucas.

## DISCUSSION AND DECISION

*Issue One*

■ Persinger first argues that the trial court's award of Twenty-Four Hundred Dollars ($2400) in damages to Lucas for loss of use was excessive. An appeal of a damage award as excessive is governed by a strict standard of review. We will neither reweigh the evidence nor judge the credibility of the witnesses and will consider only the evidence favorable to the award. *Upchurch v. Henderson* (1987), Ind.App., 505 N.E.2d 455, 457; *Ashland Pipeline v. Indiana Bell Telephone Co.* (1987), Ind.App., 505 N.E.2d 483, 490, (transfer pending). A judgment is not excessive unless the amount cannot be explained upon any basis other than prejudice, passion, partiality, corruption, or some other improper element. *Crump v. Rhodes* (1986), Ind.App., 488 N.E.2d 741, 743, *trans. denied.* A damage award must be supported by probative evidence and cannot be based on mere speculation, conjecture, or surmise. *Ashland Pipeline*, at 490; *Lake Monroe Regional Waste v. Waicukauski* (1986), Ind.App., 501 N.E.2d 466, 472. Thus, a damage award will be reversed when it is not within the scope of the evidence before the finder of fact. *Ashland Pipeline*, at 490; *Upchurch*, at 458.

■ A damage award must be referenced to some fairly definite standard, such as cost of repair, market value, established experience, rental value, loss of use, loss of profits, or direct inference from known circumstances. *Waicukauski*, at 472. In Indiana, damages for loss of use of personal property are measured by the reasonable value of the loss of use of the property for the reasonable amount of time required for repair or to obtain a replacement. *Univer-*

*sal C.I.T. Credit Corp. v. Shepler* (1975), 164 Ind.App. 516, 532, 329 N.E.2d 620, 629 (Garrard, J., concurring), *trans. denied; Jerry Alderman Ford Sales, Inc. v. Bailey* (1972), 154 Ind.App. 632, 650, 291 N.E.2d 92, 105, *on reh.* (1973), 154 Ind.App. 632, 294 N.E.2d 617; *Commercial Credit Corp. v. Miller* (1972), 151 Ind.App. 580, 587, 280 N.E.2d 856, 860–61; *New York Central Railroad Co. v. Churchill* (1966), 140 Ind. App. 426, 434, 218 N.E.2d 372, 377, *trans. denied.* Generally, the value for loss of use is measured by the fair or reasonable rental value of the property in the market area. *Shepler*, 164 Ind.App. at 532, 329 N.E.2d at 629. However, lost profits may be used to determine the loss of use value when calculating damages. *Jerry Alderman Ford*, 154 Ind.App. at 651, 291 N.E.2d at 105. Regardless of the measure used to calculate value, when the property is totally destroyed the damages must be limited to the reasonable amount of time necessary for replacement, including a reasonable amount of time to determine if the property is repairable. *Churchill*, 140 Ind.App. at 434, 218 N.E.2d at 377; *see also, Stevens v. Mid-Continent Investments, Inc.* (1974), 257 Ark. 439, 441, 517 S.W.2d 208, 209; *Fairchild v. Keene* (1981), 93 Ill.App.3d 23, 25, 48 Ill.Dec. 475, 477, 416 N.E.2d 748, 750; *Reynaud v. Leonard* (1983), La.App., 430 So.2d 314, 317; *Lenz Construction Co. v. Cameron* (1984), —— Mont. ——, 674 P.2d 1101, 1103; *McPherson v. Kerr* (1981), 195 Mont. 454, 460, 636 P.2d 852, 855; *Chlopek v. Schmall* (1986), 224 Neb. 78, 396 N.W.2d 103, 110; *Bartlett v. Garrett* (1974), 130 N.J.Super. 193, 196, 325 A.2d 866, 867; *Allanson v. Cummings* (1981), 81 A.D.2d 16, 17, 439 N.Y.S.2d 545, 548; *DTS Tank Service, Inc. v. Vanderveen* (1984), Okla., 683 P.2d 1345, 1347. The court must consider all the facts and circumstances of each case in determining the time that is reasonably necessary to obtain a replacement as the time will vary from case to case.

■ In the present case Persinger argues that the trial court cannot consider all the facts and circumstances of the case in determining the reasonable period of time to obtain a replacement. Specifically, Per-

singer argues that the court's consideration of the plaintiff's financial inability to obtain a replacement is improper and cites to *Cuddy v. United States* (D.Mont.1980), 490 F.Supp. 390; *Brandon v. Capitol Transit, Co.* (1950), D.C.App., 71 A.2d 621. *Prothro v. Dillahunty* (1986), La.App., 488 So.2d 1163; *Menard v. Prejean* (1979), La.App. 374 So.2d 1275; *Hoffman v. All Star Insurance* (1974), La.App., 288 So.2d 388; and *Cecere v. Harquail* (1984), 104 A.D.2d 6, 481 N.Y.S.2d 533. These cases all stand for the proposition that in determining loss of use damages, financial inability to procure repair or replacement is an improper consideration. The basic reason given in these cases for the refusal to consider financial inability as a factor is the potential for abuse in inflating damages. *E.g., Menard,* at 1277. Although we recognize the potential for abuse, we reject the rule that unequivocally prohibits the consideration of financial inability in determining the time reasonably necessary to obtain a replacement. Instead, we choose to follow those authorities that allow the consideration of financial inability in calculating the time for loss of use damages. *State v. Stanley* (1973), Alaska, 506 P.2d 1284, 1293; *Valencia v. Shell Oil, Co.* (1944), 23 Cal.2d 840, 846, 147 P.2d 558, 561; *Chesapeake and Ohio Ry. Co. v. Boren* (1924), 202 Ky. 348, 355, 259 S.W. 711, 714; *McPherson,* 195 Mont. at 460, 636 P.2d at 856. However, to avoid the potential for abuse, we require evidence of other factors to establish the time reasonably necessary to obtain a replacement.

In proving the reasonable time necessary to obtain a replacement, the plaintiff must provide the court with evidence of all the factors that go into the process of obtaining a replacement, including: the time required to determine that the property is unrepairable, the nature of the property, market availability of a replacement, the time required to locate a replacement, the availability and time required to obtain financing, the plaintiff's efforts to locate and obtain a replacement, the plaintiff's efforts to locate and obtain financing, the defendant's good or bad faith efforts to settle or litigate, and the plaintiff's financial ability to obtain a replacement. *Valencia,* 23 Cal. 2d at 846, 147 P.2d at 561; *McPherson,* 195 Mont. at 460, 636 P.2d at 856. Although financial ability is a factor in the determination, proof of financial inability alone will not establish the reasonable time required to obtain a replacement. Furthermore, financial inability cannot be used to inflate speculatively the damages awarded for loss of use beyond the time reasonably necessary to obtain a replacement. *Churchill,* 140 Ind.App. at 434, 218 N.E.2d at 377. Unless the plaintiff provides additional evidence of the reasonable time necessary to locate a replacement, or establishes that the defendant used dilatory settlement tactics, a damage award for loss of use based on financial inability alone is improper. *Welter v. Schell* (1929), 252 Ill.App. 586, 589–90; *McPherson,* 195 Mont. at 460, 636 P.2d at 856; *Gillespie v. Draughn* (1981), 54 N.C.App. 413, 283 S.E.2d 548, 552.

■ In the present case the plaintiff failed to present any evidence of the amount of time necessary to locate a replacement. Furthermore, no evidence was presented to show that the defendant engaged in dilatory settlement tactics. The only evidence that Lucas presented on the time reasonably necessary to obtain a replacement was inferred from the evidence of financial inability. Lucas seemed to believe that financial inability alone could establish the reasonable time necessary to obtain a replacement. Lucas is mistaken. However, Persinger concedes in his motion to correct errors that a reasonable amount of time to procure a replacement would be thirty (30) days. Based upon this concession and the evidence that plaintiff was financially unable to obtain a replacement, we believe that the record will support loss of use damages only for a total of thirty (30) days. Therefore, the trial court's award of damages based on One Hundred and Twenty (120) days is reduced to thirty (30) days.

*Issue Two*

■ Persinger next challenges the court's calculation of loss of use damages which used a Twenty Dollar ($20) per day

rental charge as the measure of value. Persinger argues this amount is excessive, contrary to law and the evidence. As previously stated, unless the damages are unsupported by probative evidence and cannot be explained on any other basis than prejudice, passion, partiality or some other improper element, they will be upheld. *Ashland Pipeline*, at 490; *Crump*, at 743. In the present case, the Lucases testified that they rented a car on credit at the rate of Twenty Dollars ($20) per day. Persinger presented testimony that the reasonable or fair rental value of a car in the market area was Twelve to Fifteen Dollars ($12–$15) per day. We are not allowed to reweigh the conflicting evidence regarding the loss of use value. Furthermore, we cannot say that the trial court abused its discretion in finding that Twenty Dollars ($20) per day was a reasonable rental value. Although, Persinger is correct in stating that the fair rental value should be obtained by examining the market area, the amount actually charged to the Lucases in the present case provided some probative evidence of the reasonable rental value. Accordingly, the damages for loss of use are upheld with regard to the rental value measure, but reduced with regard to the finding on the reasonably necessary replacement time. Therefore, the damage award of Twenty-Four Hundred Dollars ($2400) is reduced to Six Hundred Dollars ($600).

*Issue Three*

■ Persinger next argues that the trial court's award of storage costs in the amount of Four Hundred and Eighty Dollars ($480) was excessive. Persinger argues that Lucas unreasonably failed to mitigate damages by permitting the car to remain in storage and accrue charges for an unreasonable amount of time. Lucas argues she acted reasonably because she was financially unable to pay the Thirty-Five Dollar ($35) towing charge which was required to remove the car from storage. At trial, Persinger carried the burden of proving that Lucas unreasonably failed to mitigate damages. *Colonial Discount Corp. v. Berkhardt* (1982), Ind.App., 435

N.E.2d 65, 67. Accordingly, Persinger appeals a negative judgment. On appeal we will neither reweigh the evidence nor judge the credibility of witnesses. We will reverse only when the evidence leads unerringly to a conclusion that is opposite to that reached by the trial court. *Burras v. Canal Construction and Design Co.* (1984), Ind.App., 470 N.E.2d 1362, 1368; *Skaggs v. Davis* (1981), Ind.App. 424 N.E.2d 137, 140.

■ In challenging the court's finding that Lucas acted reasonably, Persinger relies on *Bartlett v. Garrett* (1974), 130 N.J. Super. 193, 325 A.2d 866, for the proposition that Lucas had a duty to mitigate damages. In *Bartlett* the plaintiff permitted storage fees to accumulate at a rate of One Dollar ($1.00) a day for almost nine (9) months, even though the plaintiff knew that the car was a total loss within two weeks of the accident. *Bartlett*, 130 N.J. Super. at 197, 325 A.2d at 868. The court held that this amount of time was clearly unreasonable under the circumstances of the case. *Id.* Accordingly, damages were reduced to Fourteen Dollars ($14). *Id.*

Persinger argues that the damages in the present case should be reduced as they were in *Bartlett.* Persinger suggests that Lucas had a duty to mitigate damages and that as soon as Lucas learned the car was a total loss she had a duty to make arrangements to dispose of the car. Persinger argues that the evidence leads unerringly to the conclusion that Lucas only obtain damages for one day of storage costs, the amount of time in which Lucas was notified that the car was a total loss. Although Persinger is correct that Lucas had a duty to mitigate storage cost damages, Lucas was not required to do something that was unreasonable or impracticable. *Valencia*, 23 Cal.2d at 846, 147 P.2d at 561; *McPherson*, 195 Mont. at 460, 636 P.2d at 856. Thus, when a plaintiff is financially unable the duty to mitigate does not require the expenditure of funds. *Valencia*, 23 Cal.2d at 846, 147 P.2d at 561; *McPherson*, 195 Mont. at 460, 636 P.2d at 856.

■ In the present case, the evidence showed that Lucas was financially unable

to pay the storage and towing costs. Persinger presented no evidence to show otherwise or to show what Lucas could have done to mitigate damages that would not have required the expenditure of unavailable funds. Thus, Persinger failed to meet his burden of proving that Lucas acted unreasonably. The evidence does not lead to a conclusion that is opposite to the trial court's decision. Therefore, the damage award for storage and towing costs is upheld for the One Hundred and Twenty (120) day period.

*Issue Four*

 Persinger last argues that the trial court erred in not attributing fault to Lucas under Ind.Code § 34–4–33–5(c) for unreasonable failure to mitigate damages. Under Ind.Code § 34–4–33–2(a) fault is defined to include the unreasonable failure to mitigate damages. As stated previously, Persinger bore the burden of proving Lucas unreasonably failed to mitigate damages. Persinger failed to meet this burden of proof as he relies solely upon the amount of time that costs accrued. No evidence was presented to show what should have been done which would not have required the expenditure of unavailable funds. Therefore, the trial court did not err and the zero percent (0%) allocation of fault to Lucas was proper.

We affirm the trial court's allocation of fault and damage award, but reduce the damages to Seventeen Hundred and Fifteen Dollars ($1715).[1]

ROBERTSON, J., concurs.

GARRARD, P.J., concurs in part and dissents in part with opinion.

GARRARD, Presiding Judge, concurring in part and dissenting in part.

I concur with the majority's analysis of the law questions presented and with its decision except for its reduction of loss of use damages to a reasonable replacement time of thirty days.

The majority fails to properly acknowledge that at trial, Lucas persuaded the court, albeit erroneously, to award damages for 120 days on the basis of his financial inability to secure a replacement. He should therefore have the opportunity to prove reasonable replacement time.

Since the defendant admits such time would at least take 30 days, I would remand with instructions to grant a new trial limited to damages for loss of use unless Lucas agrees to accept loss of use damages of $600 based upon the 30 day period admitted by Persinger.

---

**1.** (A) Loss of use damages for thirty (30) days at Twenty Dollars ($20) a day ---------------------------------------- $ 600

(C) Storage of vehicle for One Hundred and Twenty (120) days at Four Dollars ($4.00) a day ------------------------- $ 480

(D) Towing charges --------------------------- $ 35

Total damages $1715