# FOR PUBLICATION



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JUSTIN M. TREASURE**
Swope Law Offices, LLC
Schererville, Indiana

ATTORNEYS FOR APPELLEE:

**BENJAMIN D. FRYMAN**
**MICHAEL A. CAMPBELL**
Schwerd, Fryman & Torrenga, LLP
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHARON JASINSKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1212-SC-552 |
| | ) | |
| MIRIAN BROWN, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Michael Pagano, Magistrate
Cause No. 45D09-1208-SC-2326

**October 31, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Sharon Jasinski appeals the small claims court's $6,000 judgment in favor of Mirian[1] Brown. She raises several issues, which we consolidate and restate as whether the small claims court's damage award was supported by the evidence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 9, 2012, Jasinski's vehicle rear-ended Brown's car at an intersection in New Chicago, causing damage to Brown's car. Prior to that August 9 collision, Brown's car had been damaged in a collision with a deer, but the car was still operable. After the August 9 collision, Brown's car was inoperable.

On August 30 Brown sued Jasinski in small claims court to recover property damages and loss of use damages. The small claims court set a hearing date of October 10. On October 9, Brown filed a separate action against Jasinski for personal injuries in another Lake County Superior Court. On October 10, Jasinski's counsel arrived unprepared for the small claims hearing and requested a continuance, which was granted. The small claims court rescheduled the hearing for November 1. On October 26, Jasinski requested an additional continuance to file a Motion to Consolidate or Alternatively Dismiss Duplicative Suit with the other Lake County Superior Court. The small claims court denied the continuance and noted, "this looks like a delay tactic to me." (Tr. at 13.)

---

[1] Ms. Brown's name is Mirian, however, we note opposing counsel and the small claims court refers to her as "Miriam." See Br. Of Appellant; see also Appellant's App. At 5.

After the November 1 hearing, the small claims court found Brown proved $2,000.00 in property damage and $4,430.71 in loss of use damages. The court then ordered Jasinski to pay $6,000, which is the small claims court's jurisdictional limit.

## DISCUSSION AND DECISION

Jasinski argues no probative evidence supports the small claims court's valuation of Brown's vehicle and its determination of the value of Brown's loss of use of the vehicle.

> Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting S.C.R. 8(A)). But this deferential standard does not apply to the substantive rules of law, which are reviewed *de novo* just as they are in appeals from a court of general jurisdiction. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003).

*Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067-68 (Ind. 2006). "[W]e will affirm a general judgment upon any legal theory consistent with the evidence." *Ponziano Constr. Servs. Inc. v. Quadri Enters., LLC*, 980 N.E.2d 867, 873 (Ind. Ct. App. 2012). Allegations that an award is excessive are reviewed under a "strict standard." *Persinger v. Lucas*, 512 N.E.2d 865, 868 (Ind. Ct. App. 1987).

The amount of damages to be awarded is a question of fact for the trier of fact. *Campins v. Capels*, 461 N.E.2d 712, 722 (Ind. Ct. App. 1984). A court is not required to

3

calculate damages with mathematical certainty, *Ponziano*, 980 N.E.2d at 873, but the calculation must be supported by evidence in the record and may not be based on mere conjecture, speculation, or guesswork. *Id*. We will sustain an award challenged as excessive if it is within the scope of the evidence presented to the trial court, and we will neither reweigh evidence nor judge witness credibility. *Id*.

All uncertainties concerning the specific calculation of damages are resolved in plaintiff's favor and against the tortfeasor. *Campins*, 461 N.E.2d at 722. We will set aside a damage award only if it is "so outrageous as to impress [this] court as being motivated by passion, prejudice, and impartiality." *Quebe v. Davis*, 586 N.E.2d 914, 920 (Ind. Ct. App. 1992) (citation omitted).

1.      Valuation of Brown's Vehicle

The trial court based its valuation of Brown's vehicle on Plaintiff's Exhibit 6, which contained a summary of damages. In support of that summary, Brown presented evidence of the values of vehicles similar to hers from both the Kelley Blue Book and AutoTrader.com, and she presented evidence of the salvage value. Jasinski presented evidence of the cost to repair Brown's vehicle, which Jasinski's insurance company had declared a total loss. Jasinski's argument the small claims court's finding regarding the value of the vehicle was not supported by evidence is an invitation for us to reweigh the evidence, which we cannot do. *See Ponziano*, 980 N.E.2d at 873 (appellate court will not reweigh the evidence or judge the credibility of witnesses). The evidence submitted by Brown supports the court's valuation.

4

2.      Loss of Use Damages

Loss of use damages "are measured by the reasonable value of the loss of use of the property for the reasonable amount of time required for . . . replacement." *Persinger*, 512 N.E.2d at 868. This value is "measured by the fair or reasonable rental value of the property in the market area." *Id*. These damages must be "limited to the reasonable amount of time necessary for replacement, including a reasonable amount of time to determine if the property is repairable." *Id*. Factors the court may consider when determining a reasonable time for replacement include:

> the time required to determine that the property is unrepairable, the nature of the property, market availability of a replacement, the time required to locate a replacement, the availability and time required to obtain financing, the plaintiff's efforts to locate and obtain a replacement, the plaintiff's efforts to locate and obtain financing, the defendant's good or bad faith efforts to settle or litigate, and the plaintiff's financial ability to obtain a replacement. Although financial ability is a factor in the determination, proof of financial inability alone will not establish the reasonable time required to obtain a replacement. Furthermore, financial inability cannot be used to inflate speculatively the damages awarded for loss of use beyond the time reasonably necessary to obtain a replacement. Unless the plaintiff provides additional evidence of the reasonable time necessary to locate a replacement, or establishes that the defendant used dilatory settlement tactics, a damage award for loss of use based on financial inability alone is improper.

*Id*. at 869 (citations omitted).

The trial court determined that eighty-four days was a reasonable time for Brown to obtain a replacement vehicle based on Brown's best efforts to locate a replacement vehicle, and noted "22 days of this [84 days] was necessitated by Defendant's requested continuance of the previous trial date." (Appellant's App. at 6.) Brown introduced evidence she visited

5

multiple car dealerships in Indiana and Illinois, she paid for rental cars, and she had limited means at her disposal to obtain a replacement vehicle. Jasinski argues the small claims court considered only Brown's inability to pay for a replacement vehicle when determining the loss of use damages and that Brown did not do an exhaustive search for a replacement vehicle. Jasinski's challenges amount to a request to reweigh evidence, which we may not do. *See Ponziano*, 980 N.E.2d at 873 (appellate court does not reweigh evidence or judge the credibility of witnesses). The evidence submitted by Brown supports the court's finding.

## CONCLUSION

As the small claims court's damage award was based on sufficient evidence, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

6