# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Bonanno Georgiades*, 2021 IL App (2d) 200677

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF JOSEPHINE BONANNO GEORGIADES, Petitioner-Appellee, and ANDREAS GEORGIADES, Respondent-Appellant. |
| District & No. | Second District<br>No. 2-20-0677 |
| Filed | June 25, 2021 |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 19-DV-251; the Hon. Mark R. Facchini, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Richard D. Grossman, of Chicago, for appellant.<br><br>Steven J. Brody, of Steven J. Brody & Associates, Ltd., of Crystal Lake, for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Zenoff and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1    The respondent, Andreas Georgiades, appeals from the August 21, 2020, order of the circuit court of McHenry County that dissolved his marriage to the petitioner, Josephine Bonanno Georgiades, and divided the parties' assets. On appeal, Andreas argues that the trial court erred in ordering him to pay Josephine $23,830.96 to repair her damaged 1981 Corvette. He argues that he should not have been ordered to pay more than $11,500, which he claims was the car's actual value.

¶ 2    At trial, Josephine testified that she had a 1981 Corvette that she kept in a locked barn. She discovered that, while in the barn, the car's windows were broken, its body scratched, and its tires punctured. She believed that Andreas had caused this damage. He testified that he did not damage the Corvette. Josephine submitted a repair estimate of $23,830.96. Andreas testified that his research indicated that the car was worth only a maximum of $11,500. At the close of trial, the trial court ordered that Andreas reimburse Josephine the full amount of the repair estimate.

¶ 3    Andreas filed a motion to reconsider. He did not deny damaging the Corvette. Instead, he insisted that he should have been ordered to reimburse Josephine for only the car's actual worth. The trial court denied his motion, explaining that Andreas had presented no credible evidence as to the car's actual worth. Further, the trial court found that because Josephine's car had been damaged due to an intentional tort, she had no duty to mitigate her damages.

¶ 4    On appeal, Andreas raises the same argument that he did in his motion to reconsider. Like the trial court, we believe that his argument is without merit for two reasons. First, as Andreas intentionally damaged Josephine's car, he is not entitled to an offset that would allow him to pay less than what it would require to return Josephine's car to its original condition.[1] See *Myers v. Arnold*, 83 Ill. App. 3d 1, 7 (1980) ("The law of torts attempts primarily to restore the injured party to as good a position as he held prior to the tort."). All of the cases that Andreas relies on for the proposition that the fair measure of damages is only the current fair market value of the damaged property are distinguishable because none of them involve the commission of an intentional tort. See *Villanueva v. O'Gara*, 282 Ill. App. 3d 147, 150 (1996); *P.A.M. Transport, Inc. v. Builders Transport, Inc.*, 209 Ill. App. 3d 889, 896 (1991); *Fairchild v. Keane*, 93 Ill. App. 3d 23, 24-25 (1981); *Bimba Manufacturing Co. v. Starz Cylinder Co.*, 119 Ill. App. 2d 251, 271 (1969); *Central Illinois Light Co. v. Stenzel*, 44 Ill. App. 2d 388, 394 (1963); *Santiemmo v. Days Transfer, Inc.*, 9 Ill. App. 2d 487, 502-03 (1956).

¶ 5    Second, even if those cases were relevant, they are not applicable here because they are all premised on the introduction of competent evidence as to the current fair market value of the property. Here, Andreas did not present any expert testimony or other evidence as to the current value of the 1981 Corvette other than his own testimony, which the trial court found not to be credible. Credibility determinations are within the sole purview of the trier of fact. *In re*

---

[1]Under the Illinois Marriage and Dissolution of Marriage Act, the trial court is not to consider a party's "marital misconduct" when dividing marital assets. 750 ILCS 5/503(d) (West 2018). This provision does not apply because (1) Josephine's 1981 Corvette was not a marital asset, (2) the trial court may still consider the decrease in value that one spouse caused to the other's property (*id.* § 503(d)(1)), and (3) a spouse "may sue the other for a tort committed during the marriage" (750 ILCS 65/1 (West 2018)).

*Marriage of Johnson*, 215 Ill. App. 3d 174, 180 (1991). The trial court's credibility judgment eliminated the only evidence to contradict Josephine's repair estimate. Accordingly, there is no basis on which to conclude that the trial court abused its discretion in awarding Josephine $23,830.96 to repair her damaged 1981 Corvette. See *Dixon v. Union Pacific R.R. Co.*, 383 Ill. App. 3d 453, 470 (2008) (the determination of damages is a question of fact, not of law, and thus within the discretion of the trier of fact).

¶ 6 For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

¶ 7 Affirmed.